1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SHANNON O. MURPHY, SR., d/b/a<br>SHEETMETAL & ASSOCIATES,<br><br>12<br><br>               Plaintiff,<br>13<br><br>14        v.<br><br>15  FIRST REPUBLIC BANK, N.A.,<br><br>16<br>               Defendant.<br><br>17 | No.  2:21–cv–0399–JAM–CKD PS<br><br>ORDER & FINDINGS AND<br>RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

18           Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed

19   in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in

20   support of his request to proceed IFP makes the required financial showing.  Accordingly, the

21   court grants plaintiff's request to proceed IFP.

22           The determination that a plaintiff may proceed IFP does not complete the required

23   inquiry, however.  Pursuant to the IFP statute, federal courts must screen IFP complaints and

24   dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief

25   ////

26   ////

27

28
---
[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local
Rule 302(c)(21).

1

1  may be granted," or seeks monetary relief against an immune defendant.  28 U.S.C.

2  § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

3  ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint

4  that fails to state a claim.").

5  **SCREENING STANDARD**

6        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

8  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

10  490 U.S. at 327.

11        To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

12  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

13  action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other words,

14  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, relief

16  cannot be granted for a claim that lacks facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim

17  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18  reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at

19  678.  When considering whether a complaint states a claim upon which relief can be granted, the

20  court must accept the well-pled factual allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94

21  (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Papasan v.</u>

22  <u>Allain</u>, 478 U.S. 265, 283 (1986).

23        In addition, the court must dismiss a case if, at any time, it determines that it lacks subject

24  matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction

25  over a civil action when (1) a federal question is presented in an action "arising under the

26  Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

27  ////

28  ////

1   citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C.

2   §§ 1331, 1332(a).

3       Pleadings by self-represented litigants are liberally construed.  See Haines v. Kerner, 404

4   U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5   Unless it is clear that no amendment can cure the defects of a complaint, a self-represented

6   plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before

7   dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other

8   grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230

9   (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment

10  would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

11  **THE COMPLAINT**

12      This is the twelfth lawsuit plaintiff has filed in this court since February 2020.[2]  The

13  present complaint follows the same form as each of plaintiff's prior complaints, all of which were

14  also filed IFP.  As in many of his earlier suits, plaintiff styles his complaint as brought by

15  "[himself] dba. Sheetmetal & Associates."  (ECF No. 1 at 1.)  Plaintiff lists four purported causes

16  of action that have been repeated across most of his prior actions:  "Injury/Illness," "Negligence –

17  Tort," "Assault – Covert Method," and "Breach of Contract."  (Id. at 2.)  The four sentences of

18  substantive allegations are very difficult to understand, but they seem to allege various failures by

19  First Republic Bank.  For the "Injury/Illness" claim, plaintiff states that "defendant's" unspecified

20  negligence "upset [his] bipolar disorder."  (Id.)  For the negligence claim, plaintiff states the

21  following:

22          Defendants failed provide fair banking services, attends to associate
            plaintiff's legal document company's timely results coordinate very
23          important trade and commerce, reply to hinder, or cause failure, of
            important business; this is apply relative due results defendant's fail
24          checks, promptly ordered for business at time account opened.

25  (Id.)  The court cannot tell what plaintiff is trying to say in this sentence.  As for "Assault –

26  _____

27  [2] Plaintiff filed another suit (his eleventh) concurrently with this one, which has been assigned to
    the same Magistrate Judge and District Judge as the instant action.  Murphy v. Occupational
    Safety and Health Administration, No. 2:21-cv-00398-JAM-CKD (E.D. Cal. Mar. 4, 2021).  The
28  undersigned is also recommending that that action be dismissed without leave to amend.

Covert," a label plaintiff uses in virtually all of his prior complaints, the assertions are somewhat clearer.  Plaintiff states he was a "victim of a covert assault" because defendant ignored the many injury claim forms he sent by fax regarding his bipolar disorder.  (Id.)  Finally, for breach of contract, plaintiff asserts that "his DBA. Sheetmetal & Associates" was hindered by defendant's untimely delivery of the "professional business banking checks" he ordered.  (Id.)

Plaintiff attaches to the complaint two documents that he has also attached to some of his prior complaints:  (1) an April 2007 letter related to injuries sustained during Operation Iraqi Freedom, and (2) October 2015 progress notes indicating a psychiatric discharge and diagnosing "Bipolar I disorder manic episode with Psychotic features."  (Id. at 3-4.)

**ANALYSIS**

This complaint suffers the same problems as plaintiff's many prior suits against other defendants, virtually all of which have been "screened out"—generally for failure to allege the citizenship of the parties (to establish subject matter jurisdiction) and failure to include specific factual details to support his claims.[3]

First, plaintiff once again fails to establish this court's subject matter jurisdiction. He asserts only state law claims but does not allege facts showing that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The complaint lists an address for plaintiff in Pittsburg, California—which suggests he is a citizen of California—but he does not provide any allegations suggesting, much less establishing, defendant's state(s) of citizenship.  See Bautista v. Pan Am. World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, plaintiff must affirmatively allege diverse citizenship of all parties).

Beyond the jurisdictional defect, the complaint also fails to adequately plead any of its purported causes of action.  As a general matter, the complaint provides next to no factual details as to the conduct of the Bank or its employees and how it harmed him.  Plaintiff fails to allege

---

[3] On one occasion, plaintiff's suit was transferred to another judicial district before screening, and on another occasion, plaintiff's IFP application was granted by minute order and the complaint was never substantively screened.  See Murphy v. Geico Ins. Co., No. 2:20-cv-01455-JAM-KJN (ECF No. 3); Murphy, Esq. v. Hershey Chocolate Corp., No. 2:20-cv-01550-KJM-AC (transferred 8/21/20).

1   what contract existed between himself and the Bank, or how the Bank violated such contract.  See

2   CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008) (California breach of

3   contract claim requires (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's

4   breach of the contract; and (4) damages flowing from the breach).  As to the negligence claim,

5   plaintiff's allegations do not suggest that the Bank owed him a duty of care, much less that it

6   breached that duty.  See Berkley v. Dowds, 152 Cal. App. 4th 518, 526 (2007) ("The well-known

7   elements of any negligence cause of action are duty, breach of duty, proximate cause and

8   damages.").  It is unclear what plaintiff means by a "covert" assault, but the complaint's

9   allegations clearly do not support a claim of assault.  See Carlsen v. Koivumaki, 227 Cal. App.

10  4th 879, 890 (2014) (outlining elements of assault, including threatened or actual action with

11  intent to cause "harmful or offensive contact").  Finally, as plaintiff has been told before,

12  "'Injury/Illness' is not a cause of action[.]"  Murphy, Esq. v. Allstate Ins. Co., 2:20-cv-00753-

13  KJM-JDP (ECF No. 6 at 4).

14          Even if the complaint did adequately plead a breach of contract claim, it appears that such

15  claim arises out of harm allegedly caused to plaintiff's company, Sheetmetal & Associates, not to

16  plaintiff himself.  As plaintiff has also been cautioned on several occasions, he cannot represent

17  his company because he is not an attorney.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664

18  (9th Cir. 2008) (the right to represent oneself is personal to the plaintiff and does not extend to

19  other parties); Murphy v. Colony Ins. Co., No. 2:20-cv-00303-JAM-CKD (ECF No. 3 at 3).

20  **LEAVE TO AMEND**

21          Were this plaintiff's first action in this court, the undersigned would readily grant him

22  leave to amend his complaint and an opportunity to cure the above deficiencies.  But it is not.

23  Plaintiff has returned to this court no fewer than twelve times in a little over a year, always

24  seeking leave to proceed without payment of fees; and after having the court explain the same

25  problems with his various complaints over and over, he routinely fails to amend in a timely

26  fashion—if at all.  Every time plaintiff has been granted leave to amend in the past, he has failed

27  ////

28  ////

to supply an amended complaint within the time provided, and the suit has been dismissed for lack of prosecution.[4]

In rejecting plaintiff's various IFP complaints over the past year, the court has consistently educated plaintiff on what it takes to establish this court's subject matter jurisdiction, but every successive complaint still fails to allege the parties' citizenships.  Likewise, plaintiff has been told several times how to adequately plead the legal elements of each of the claims he repeatedly tries to assert.  See, e.g., Murphy, Esq. v. Allstate Ins. Co., 2:20-cv-00753-KJM-JDP (ECF No. 6 at 3-4) (outlining elements of negligence and breach of contract); Murphy v. JP Morgan Chase, No. 2:20-cv-01688-TLN-CKD (ECF No. 3 at 3) (citing elements of assault).  Still, plaintiff routinely files complaints like this one with only vague and conclusory allegations.  Because plaintiff's litigation history shows that plaintiff would be unable to cure the above-mentioned deficiencies by amending the complaint, the court concludes that granting leave to amend would be futile.  Cahill, 80 F.3d at 339.

In a similar vein, the court takes this opportunity to warn plaintiff that, should he continue to file similar complaints—wholly lacking in factual detail, repeating the same causes of action without supporting allegations, and failing to establish federal subject matter jurisdiction—the court will have to consider designating plaintiff a vexatious litigant in order to protect the court's time and resources.  See De Long v. Hennessey, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing district courts' authority to issue pre-filing orders restricting a litigant's ability to file suit, noting that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants").[5]

---

[4] See Murphy v. AIG Claims, Inc., No. 2:20-cv-0301-TLN-AC; Murphy v. Colony Ins. Co., No. 2:20-cv-0303-JAM-CKD; Murphy, Esq. v. LMC Construction, No. 2:20-cv-00754-KJM-AC; Murphy v. Farmers Ins. Co., No. 2:20-cv-1456-KJM-DB; Murphy v. Geico Ins. Co., No. 2:20-cv-1455-JAM-KJN; Murphy v. JP Morgan Chase & Co., 2:20-cv-1688-TLN-CKD.

[5] Plaintiff seems to be familiar with the concept of vexatious litigant designation, as, by his own admission, he has already been declared a vexatious litigant in California Superior Court.  See Murphy, Esq. v. LMC Construction, No. 2:20-cv-00754-KJM-AC (ECF No. 1 at 2); Murphy v. Federal Bureau of Investigation, No. 2:21-cv-00141-TLN-CKD (ECF No. 1 at 2).

1

**ORDER**

2      Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma

3 pauperis (ECF No. 2) is GRANTED.

4

**RECOMMENDATIONS**

5      In addition, IT IS HEREBY RECOMMENDED that:

6     1.  The action be DISMISSED without prejudice and without leave to amend; and

7     2.  The Clerk of Court be directed to CLOSE this case.

8      These findings and recommendations are submitted to the United States District Judge

9 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

10 days after being served with these findings and recommendations, plaintiff may file written

11 objections with the court.  Such a document should be captioned "Objections to Magistrate

12 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

13 the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan,

14 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15 Dated:  April 5, 2021

16

                        _____

17                         CAROLYN K. DELANEY
                        UNITED STATES MAGISTRATE JUDGE

18

19

20   19, murp.0399

21

22

23

24

25

26

27

28